UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
BRIAN WILLIAM SCHUMAKER,            :
                                    :
        Petitioner,                 :   Civ. No. 20-1847 (NLH)
                                    :
    v.                              :   OPINION
                                    :
                                    :
DAVID E. ORTIZ,                     :
                                    :
        Respondent.                 :
_____:

APPEARANCES:

Brian William Schumaker
59309-019
Fort Dix Federal Correctional Institution
P.O. Box 2000
Joint Base MDL, NJ 08640

    Petitioner Pro se

HILLMAN, District Judge

    Brian William Schumaker has filed an amended petition for writ of habeas corpus under 28 U.S.C. § 2241 arguing that the trial court was without jurisdiction to try his criminal case because "Title 18 USC § 3231 was NEVER authorized to be included in H.R. 3190 or signed into ANY Public Law!!"  ECF No. 5 at 6 (emphasis in original).  He also moves to add certain political figures as co-defendants in the matter.  ECF No. 4.  For the reasons expressed below, this Court will dismiss the petition for lack of jurisdiction.

I.  BACKGROUND

A jury in the Northern District of Georgia convicted Petitioner of traveling to engage in a sexual act with a minor, 18 U.S.C. § 2241(c); using a computer to entice a minor to engage in sexual activity, 18 U.S.C. § 2422(b); and possessing child pornography, 18 U.S.C. § 2252(a)(4)(B).  United States v. Brian Schumaker, No. 1:07-cr-00289 (N.D. Ga. Aug. 2, 2011) (ECF No. 302).[1]  The trial court sentenced him to a total of 360-months imprisonment.  Id.  The United States Court of Appeals for the Eleventh Circuit affirmed the convictions and sentence.  United States v. Schumaker, 479 F. App'x 878 (11th Cir.) (per curiam), cert. denied, 568 U.S. 926 (2012).

Petitioner filed the instant petition on February 20, 2020.  ECF No. 1.  The Court originally administratively terminated the petition as Petitioner did not submit the Clerk's form for § 2241 petitions.  ECF No. 2.  Petitioner thereafter submitted a motion to add co-defendants, ECF No. 4, and an amended petition, ECF No. 5.  The Court reopened the matter for review.

II.  DISCUSSION

   A.  Legal Standard

Petitioner brings this petition for a writ of habeas corpus as a pro se litigant.  The Court has an obligation to liberally

---

[1] The Court takes judicial notice of these public filings.

construe pro se pleadings and to hold them to less stringent standards than more formal pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Higgs v. Attorney Gen. of the U.S., 655 F.3d 333, 339 (3d Cir. 2011), as amended (Sept. 19, 2011) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.

Nevertheless, a federal district court must dismiss a habeas corpus petition if it appears from the face of the petition that Petitioner is not entitled to relief.  28 U.S.C. § 2254 Rule 4 (made applicable through Rule 1(b)); see also McFarland v. Scott, 512 U.S. 849, 856 (1994); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989).

B.   Analysis

Section 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001).  Generally, a challenge to the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255.  See Jackman v. Shartle, 535 F. App'x 87, 88 (3d Cir. 2013) (per curiam) (citing Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002)).  "[Section] 2255 expressly prohibits a district court from considering a

3

challenge to a prisoner's federal sentence under § 2241 unless the remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'" Snyder v. Dix, 588 F. App'x 205, 206 (3d Cir. 2015) (quoting 28 U.S.C. § 2255(e)); see also In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997).

In the Third Circuit, prisoners may use § 2241 to challenge their sentences after two conditions are satisfied: (1) there must be "a claim of actual innocence on the theory that [the prisoner] is being detained for conduct that has subsequently been rendered non-criminal . . . in other words, when there is a change in statutory caselaw that applies retroactively in cases on collateral review," and (2) "the prisoner must be 'otherwise barred from challenging the legality of the conviction under § 2255.'" Bruce v. Warden Lewisburg USP, 868 F.3d 170, 180 (3d Cir. 2017) (quoting United States v. Tyler, 732 F.3d 241, 246 (3d Cir. 2013)). "It matters not whether the prisoner's claim was viable under circuit precedent as it existed at the time of his direct appeal and initial § 2255 motion. What matters is that the prisoner has had no earlier opportunity to test the legality of his detention since the intervening Supreme Court decision issued." Id.

Petitioner has raised his argument regarding the enactment of 18 U.S.C. § 3231, which grants the district courts "original jurisdiction, exclusive of the courts of the States, of all

4

offenses against the laws of the United States," on several occasions. The Eleventh Circuit rejected that argument on Petitioner's direct appeal:

> With regard to subject-matter jurisdiction, we conclude from the record that Schumaker's arguments concerning 18 U.S.C. § 3231 are meritless. First, in each federal criminal appeal that we and our predecessor court, the former Fifth Circuit, have heard since 1948, we have implicitly recognized the legitimacy of 18 U.S.C. § 3231. Second, even if 18 U.S.C. § 3231 was not properly enacted, its predecessor in 28 U.S.C. § 41(2), provided a proper grant of jurisdiction to the district court regarding criminal cases. Finally, we find this argument to be "unbelievably frivolous."

United States v. Schumaker, 479 F. App'x 878, 882 (11th Cir. 2012) (quoting United States v. Collins, 510 F.3d 697, 698 (7th Cir. 2007)). He raised the claim again in his motion under § 2255, which the trial court rejected. Schumaker v. United States, No. 1:07-cr-289, 2016 WL 3251997, at *2 (N.D. Ga. June 13, 2016). Undeterred, Petitioner unsuccessfully raised the argument again in a petition under § 2241 in the District of Columbia. Schumaker v. Ortiz, No. 19-3138, 2020 WL 95723, at *1 (D.D.C. Jan. 8, 2020), appeal filed, No. 20-7022 (D.C. Cir. Feb. 28, 2020).

Petitioner has argued several times that 18 U.S.C. § 3231 is invalid, including in his direct appeal and motion under § 2255. Therefore, this Court lacks jurisdiction to consider the claim under § 2241. Bruce, 868 F.3d at 180. The Court will

dismiss the motion to add co-defendants because it lacks jurisdiction over the petition itself.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. Because Petitioner has already filed a motion under § 2255, he cannot file a second or successive motion without the permission of the Eleventh Circuit. 28 U.S.C. §§ 2244, 2255(h). The Court finds that it is not in the interests of justice to transfer the petition because the Eleventh Circuit has already rejected the argument raised in the petition. Nothing in this opinion should be construed as preventing Petitioner from asking permission from the Eleventh Circuit himself if he so chooses.

III. CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus will be dismissed for lack of jurisdiction. The motion to add co-defendants will be dismissed as moot.

An appropriate order will be entered.

Dated: October 2, 2020      s/ Noel L. Hillman
At Camden, New Jersey     NOEL L. HILLMAN, U.S.D.J.

6